1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

THERESA MARY RAMIREZ,

      Plaintiff,

    v.

J. NAZARENO,

      Defendant.

**Case No. 1:16-cv-01772-DAD-EPG**

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

(ECF No. 1)

**THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT**

    Plaintiff Theresa Mary Ramizrez is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 22, 2016.  (ECF No. 1.)  In the Complaint, Plaintiff claims that a dentist at the Central California Women's Facility broke her tooth and then stopped working at the facility without fixing it.

    This Court has screened Plaintiff's Complaint and finds that it fails to state a claim as to any defendant.  This order provides an explanation of the relevant law to inform Plaintiff should she desire to file an amended complaint.  Plaintiff may file an amended complaint attempting to state a claim within thirty days, if she so chooses.  She may also indicate that she stands on this complaint, in which case the Court will issue Findings and Recommendations to the District Judge that the case be dismissed.

1

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## II.    SUMMARY OF COMPLAINT

Plaintiff entered the Central California Women's Facility ("CCWF") in 1999.  At that time, she had a complete set of expensive and orthodontically straightened teeth.

While at CCWF, she saw dentist Nazareno.  Nazareno was working on a procedure of filling a pit, non-cavity, and broke one of Plaintiff's teeth.

2

Nothing has been done to save this tooth.  On September 13, 2016, Dentist Metcalf, Chief Dental Officer, examined Plaintiff's broken tooth and said it could not be saved.  He also told Plaintiff that dentist Nazareno no longer works for CCWF.  Also, a medical records technician named Salazar told Plaintiff that her dental records had vanished.

Plaintiff blames dentist Nazareno for breaking her healthy took and for not making herself available to repair it.

### III.   ANALYSIS OF PLAINTIFF'S CLAIMS

#### A.   Legal Standards

The Civil Rights Act, under which this action was filed, provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that:  (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th

Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);

<u>Toguchi</u>, 391 F.3d at 1058.  Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  <u>Estelle</u>, 429 U.S. at 106.

**B.     Application to Plaintiff's Complaint**

Plaintiff claims that Defendant Nazareno violated her constitutional rights by breaking her tooth and then leaving the facility before fixing it.  This alone does not state a claim under the Eighth Amendment of the Constitution for cruel and unusual punishment.  There are no allegations that Nazareno broke Plaintiff's tooth on purpose or to cause her harm.  Similarly, it does not appear that dentist Nazareno left the facility for the purpose of depriving Plaintiff of care.  Under the legal standards listed above, Plaintiff has not alleged that Nazareno acted with deliberate indifference to her serious medical needs.  It may be that Plaintiff has a claim for medical malpractice, but that would be a claim under state law and not a federal claim for violation of her constitutional rights.

Plaintiff mentions that no one is fixing her tooth right now and that another doctor said her tooth was not fixable.  If someone at CCWF is not fixing her tooth because they are disregarding her medical needs, rather than because they believe in their medical opinion that the tooth cannot be fixed, that could present a claim.  The Court will provide Plaintiff with leave to amend her complaint to add facts if it appears that someone at the facility now is failing to fix her tooth due to deliberate indifference to her serious medical needs in violation of the Eighth Amendment, based on the law described above.  That said, there is no constitutional right for Plaintiff to choose a specific doctor or have a specialist from outside of the facility, unless there is a serious medical need that cannot be addressed within the facility.

**IV.   CONCLUSION**

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under § 1983.  The Court will dismiss this complaint and give Plaintiff leave to amend to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file an amended complaint within thirty days if she chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above.  Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); <u>Iqbal</u>, 556 U.S. at 678; <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  <u>Iqbal</u>, 556 U.S. at 676.  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights by acting with deliberate indifference to Plaintiff's health or safety. <u>Jones</u>, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa Cnty.</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.  The Clerk's Office is directed to send Plaintiff a civil rights complaint form;

2.  Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

3.    If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-01772-DAD-EPG;

4.    Alternatively, Plaintiff may notify the Court that she wishes to stand on her original complaint, in which case this Court will issue Findings and Recommendations to the District Judge assigned to this case consistent with this order; and

4.    If Plaintiff fails to file an amended complaint within 30 days the Court will recommend dismissal of Plaintiff's case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated:   __**December 19, 2016**__          /s/ _Erica P. Grosjean_
                                        UNITED STATES MAGISTRATE JUDGE